MEMORANDUM **
Kevin Kevin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.
Substantial evidence supports the agency’s conclusion that Kevin failed to establish eligibility for asylum because he did not demonstrate that the taunts and discrimination he suffered rose to the level of past persecution, see id. at 1016-18, or that the incident he suffered with his motorcycle occurred on account of a protected ground, see Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997). Substantial evidence also supports the BIA’s conclusion that he did not demonstrate the comparatively low level of particularized risk required to support claim of well-founded fear of future persecution as a member of a disfavored group. See Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004). Furthermore, the record does not compel the conclusion that there is a pattern or practice of persecution of Chinese Christians or Catholics in Indonesia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc).
Because Kevin failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Fisher v. INS, 79 F.3d 955, 965 (9th Cir.1996) (en banc).
Finally, substantial evidence supports the agency’s denial of CAT relief because Kevin failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. See Singh v. Ashcroft, 351 F.3d 435, 443 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.